## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **S.H.-1, S.H.-2, K.H.-1, and M.B.**

**No. 17-1002** (Wood County 16-JA-193, 194, 195, and 196)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father K.H.-2, by counsel Justin M. Raber, appeals the Circuit Court of Wood County's October 11, 2017, order terminating his parental rights to S.H.-1, S.H.-2, K.H.-1, and M.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Debra L. Steed, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying him an extension of his post-adjudicatory improvement period, (2) terminating his parental rights upon an erroneous finding that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected and when less-restrictive alternatives were available, and (3) failing to consider the wishes of M.B. regarding termination of petitioner's parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2016, the DHHR filed an abuse and neglect petition against the parents after learning that petitioner allowed S.H.-1, S.H.-2, and K.H.-1 to stay with the mother on weekends, despite knowing that her custodial rights to the children had been involuntarily terminated during abuse and neglect proceedings in 2012. Petitioner was a party to prior abuse and neglect proceedings in 2007 and 2012, but the children were returned to his care after both instances. The DHHR further alleged that petitioner dropped the children off at the mother's house in October of 2016 and had not returned for them. In November of 2016, the mother filed

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as S.H.-1 and S.H.-2, respectively, throughout this memorandum decision. Further, another child and petitioner share the same initials and so we will refer to them as K.H.-1 and K.H.-2, respectively, throughout this memorandum decision.

1

a domestic violence protective order against petitioner after he threatened to shoot her, S.H.-1, SH.-2, and K.H.-1. The DHHR attempted to put a safety plan in place but could not locate petitioner.

The circuit court held an adjudicatory hearing in January of 2017, during which petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period. The DHHR filed an amended petition in February of 2017, alleging that petitioner tested positive for methamphetamine, amphetamines, and marijuana subsequent to the adjudicatory hearing.

The circuit court held a dispositional hearing in August of 2017. Petitioner failed to appear but was represented by counsel, who indicated that she had no knowledge of petitioner's whereabouts. The DHHR requested a continuance, which the circuit court granted.

In September of 2017, the circuit court reconvened the dispositional hearing. Petitioner again failed to appear but was represented by counsel, who advised the circuit court that she had not heard from petitioner but requested that the hearing be continued. The circuit court denied petitioner's counsel's request, noting that petitioner also failed to attend the prior hearing. A DHHR report and a Court Appointed Special Advocates ("CASA") report were submitted into evidence. The DHHR proffered that petitioner failed to comply with the terms of his post-adjudicatory improvement period, had not provided drug screens, and had not kept in contact with the DHHR. As such, the DHHR did not believe that there was a substantial likelihood of change for petitioner. The circuit court found that petitioner continued to use controlled substances and did not follow through with any services, other than supervised visitation for a short period of time, and, as such, had not completed his post-adjudicatory improvement period. The circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. It is from the October 11, 2017, dispositional order terminating his parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[2]The circuit court also terminated the parental rights of the mother of S.H.-1, S.H.-2, and K.H.-1 during the proceedings below. According to the guardian, these children are currently placed with a non-adoptive foster family while the DHHR searches for a suitable permanent placement, as the permanency plan is adoption. The mother of M.B. is a non-abusing parent and the permanency plan for M.B. is to remain in the care of her mother.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying him an extension of his post-adjudicatory improvement period. However, a review of the record indicates that petitioner did not request an extension to his post-adjudicatory improvement period, either in writing or orally. As such, petitioner has waived his right to raise this issue on appeal. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ( "This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal."). Accordingly, the Court finds that petitioner is entitled to no relief in this regard.

Petitioner next argues that the circuit court erred in terminating his parental rights. Specifically, petitioner argues that the evidence does not support the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Additionally, petitioner argues that the circuit court erred in failing to employ a less-restrictive alternative than termination of his parental rights. We disagree. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) clearly indicates that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

Contrary to petitioner's argument that the circuit court did not receive any evidence demonstrating petitioner's failure to participate in services or his inability to correct his parenting deficiencies, the record demonstrates that there was sufficient evidence upon which to base this finding. The DHHR proffered that petitioner had not complied with services, including drug screening and adult life skills and individualized parenting classes. In fact, the only service with which petitioner complied was supervised visitation and his compliance with that service was minimal and ceased as the case progressed. Further, the guardian, the DHHR, and CASA submitted reports into evidence substantiating petitioner's failure to comply with any aspect of his improvement period and their determination that termination of petitioner's parental rights

was in the children's best interest. Petitioner intentionally chose not to attend either dispositional hearing and failed to present any evidence. Accordingly, the circuit court was correct to find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was necessary for the children's welfare. While petitioner argues that less-restrictive alternatives were available, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c) ] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Given this evidence, we find the circuit court correctly terminated petitioner's parental rights.

Additionally, petitioner argues that the circuit court erred in not considering M.B.'s wishes, as she was over the age of fourteen. Pursuant to West Virginia Code § 49-4-604(b)(6)(C), at disposition, circuit courts must consider the wishes of "a child fourteen years of age or older or otherwise of an age of discretion as determined by the court[.]" While petitioner argues that the circuit court did not consider M.B.'s wishes, he cites to nothing in the record suggesting that M.B. desired petitioner's parental rights to remain intact. To the extent petitioner argues that the child was not asked her preference, we find no objection on this ground in the record below.[3] As noted above, this Court will not consider issues raised for the first time on appeal.

Lastly, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

---

[3]While we find that petitioner is not entitled to relief in this regard because he did not object during the proceedings below, we admonish the guardian to speak with children in abuse and neglect proceedings who are over the age of fourteen in order to ascertain their wishes regarding disposition pursuant to West Virginia Code § 49-4-604(b)(6)(C).

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 11, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

5